JS-6

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV-12-01912 DMG (DTBx)** | Date | March 11, 2013 |
|---|---|---|---|
| Title | *Jose Antonio Franco Gonzalez v. United States of America* | Page | 1 of 11 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS [DOC. # 16]**

This matter is before the Court on the Motion to Dismiss filed by Defendant United States of America [Doc. # 16], originally set for hearing on February 15, 2013. The Court took the Motion under submission because it deemed the Motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Jose Antonio Franco Gonzalez, is a native and citizen of Mexico who suffers from "moderate mental retardation" and functions "at the cognitive level of a child between two and five years old." (Compl. ¶¶ 6-7.) On April 16, 2004, Plaintiff was arrested and, on August 10, 2004, he pleaded guilty to assault with a deadly weapon (non-firearm) under Cal. Penal. Code § 245(a)(1). (*Id.* ¶ 9; Opp'n to Mot. to Dismiss, Ex. B.) He was sentenced to 365 days in jail, although his sentence was later amended *nunc pro tunc* to 364 days. (Compl. ¶ 9.)

On April 12, 2005, Plaintiff was transferred from criminal custody to immigration custody pursuant to 8 U.S.C. § 1226(a), the general detention provision of the Immigration and Nationality Act which authorizes detention of aliens pending their removal proceedings. (Compl. ¶¶ 10-11.) On May 23, 2005, a psychiatrist with the Division of Immigration Health Services evaluated Plaintiff and determined that he did not understand the nature of his removal proceedings. (*Id.* at ¶ 12.) On June 6, 2005, an Immigration Judge ordered the administrative closure of Plaintiff's proceedings due to his incompetency. (*Id.* at ¶ 13.)

Plaintiff remained in the custody of Immigration and Customs Enforcement ("ICE"), a division of the Department of Homeland Security ("DHS"), even after his immigration proceedings were administratively closed. On December 30, 2009, the DHS moved to "re-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV-12-01912 DMG (DTBx)** | Date | March 11, 2013 |
| Title | *Jose Antonio Franco Gonzalez v. United States of America* | Page | 2 of 11 |

calendar" Plaintiff's removal proceedings, ending the period of administrative closure. (Compl. ¶ 21.) Plaintiff remained in detention while his reinstated removal proceedings progressed and, on March 26, 2010, after nearly five years in immigration custody, he filed a petition for a writ of habeas corpus seeking nondiscretionary release or a bond hearing to determine if continued detention was justified. (*Id.* at ¶ 25.) On March 31, 2010, Plaintiff was released from ICE custody without explanation and placed in the Intensive Supervision Appearance Program ("ISAP"), which imposed various restrictions on his mobility. (*Id.* at ¶ 26, Ex. I.) Plaintiff was released from ISAP on or about August 15, 2011. (*Id.* at ¶ 27.)

On September 14, 2010, Plaintiff, for the first time, conceded inadmissibility.[1] (Compl. ¶ 28.) His removal proceedings remain pending. Having exhausted his administrative remedies, Plaintiff lodged a Complaint in this Court on November 2, 2012, seeking money damages for false imprisonment, abuse of process, and intentional infliction of emotional distress under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 28 U.S.C. §§ 1346(b) and 2671-2680.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a complaint for lack of subject matter jurisdiction.[2] A facial attack on jurisdiction asserts that the allegations in a complaint are insufficient to invoke federal jurisdiction, whereas a factual attack disputes the truth of the allegations that would otherwise confer federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Defendant brings a facial attack on jurisdiction, because it argues that the allegations in the Complaint cannot give rise to suit under the FTCA. In resolving a facial challenge to jurisdiction, the Court accepts the allegations of the Complaint as true and draws all reasonable inferences in favor of Plaintiff. *See Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (*per curiam*) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)), *cert. denied*, 130 S. Ct. 3497, 177 L. Ed. 2d 1089 (2010)).

---

[1] Plaintiff was charged as inadmissible for entry without inspection, under 8 U.S.C. § 1182(a)(6)(A)(i)(I), and for conviction of a crime involving moral turpitude ("CIMT"), under 8 U.S.C. § 1182(a)(2)(A)(i)(I). (Mot. at Ex. 1.)

[2] Defendant also argues that the Complaint fails to state a claim for abuse of process or intentional infliction of emotional distress under Fed. R. Civ. P. 12(b)(6). The Court need not address these claims because it finds, as discussed below, that it lacks subject matter jurisdiction over the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV-12-01912 DMG (DTBx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | *Jose Antonio Franco Gonzalez v. United States of America* | Page | 3 of 11 |

## III.
## DISCUSSION

### A.   Voluntary Dismissal of Claims

In his Opposition to the Motion, Plaintiff "agrees to the dismissal, without prejudice, of his abuse of process and intentional infliction of emotional distress claims."  (Opp'n at 1.)  Defendant objects to voluntary dismissal on the ground that it is not permitted under the Federal Rules of Civil Procedure.  Defendant is correct.  Fed. R. Civ. P. 41(a) permits the voluntary dismissal of all claims against a party, but it does not encompass the dismissal of some, but not all, claims against a party.  *See General Signal Corp. v. MCI Telecomm'ns Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims.") (citing *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988)).  Accordingly, if Plaintiff wishes to withdraw certain of the claims stated in the Complaint, he may do so by seeking leave to amend under Rule 15 or through a joint stipulation.  In the absence of any such motion or stipulation, the Court considers Defendant's arguments for dismissal with respect to all three claims for relief.

### B.   Subject Matter Jurisdiction

The FTCA waives the government's immunity in suits "for money damages . . . for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).  This waiver of immunity is not absolute, but rather it is limited by numerous exemptions.  *See* 28 U.S.C. § 1680; *U.S. v. Gaubert*, 499 U.S. 315, 322, 111 S. Ct. 1267, 1273, 113 L. Ed. 2d 335 (1991).  Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because they are barred by at least one of the following provisions of the FTCA:  (1) the due care exception, 28 U.S.C. § 2680(a); (2) the intentional tort exception, 28 U.S.C. § 2680(h); (3) the statute of limitations, 28 U.S.C. § 2401(b); and (4) the contractor exclusion, 28 U.S.C. § 2671.  *See Sheridan v. U.S.*, 487 U.S. 392, 398, 108 S. Ct. 2449, 2454, 101 L. Ed. 2d 352 (1988) (noting that the FTCA's "broad grant of jurisdiction" does not apply to claims arising out of the exceptions set forth in Section 2680).  Plaintiff bears the initial burden of persuading the Court that it has subject matter jurisdiction under the FTCA's general waiver of immunity.  *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV-12-01912 DMG (DTBx) | Date | March 11, 2013 |
| Title | *Jose Antonio Franco Gonzalez v. United States of America* | Page | 4 of 11 |

### 1. The Due Care Exception

Section 2680(a) of the FTCA exempts the Government from liability for

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

This section contains two clauses, only one of which is at issue here. Defendant raises the "due care" exception, which "deals with acts or omissions of government employees, exercising due care in carrying out statutes or regulations whether valid or not." *Dalehite v. United States*, 346 U.S. 15, 33, 73 S. Ct. 956, 966, 97 L. Ed. 1427 (1953).

The "due care" exception "prevents the United States from being held liable for actions of its officers undertaken while reasonably executing the mandates of a statute." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). To determine whether the due care exception bars a claim, courts apply a two-part test. *Welch*, 409 F.3d at 652; *see also Crumpton v. Stone*, 59 F.3d 1400, 1403 (D.C. Cir. 1995). Courts first examine "whether the statute or regulation in question specifically proscribes a course of action for an officer to follow." *Welch*, 409 F.3d at 652. Where the statute does require a mandatory course of action, sovereign immunity has not been waived if "the officer exercised due care in following the dictates of that statute or regulation."[3] *Id.*

Plaintiff's claims arise out of his prolonged detention pursuant to 8 U.S.C. § 1226. (Compl. ¶ 11.) Defendant asserts that Plaintiff was detained pursuant to Section 1226(c), which mandates detention of any alien who is "inadmissible by reason of having committed any offense covered in [8 U.S.C. § 1182(a)(2)]." If Defendant is correct in its characterization of Plaintiff's detention, the Complaint is barred absent a showing that Defendant failed to exercise due care in carrying out this statutory mandate.

---

[3] The "discretionary function" exception, which Defendant does not raise, bars claims for actions carried out pursuant to statutes or regulations that require the exercise of discretion involving "political, social, or economic judgments." *See Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 539, 108 S. Ct. 1954, 1960, 100 L. Ed. 2d 531 (1988). The Court need not address whether the discretionary function exception applies here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV-12-01912 DMG (DTBx)** | Date | March 11, 2013 |
| Title | *Jose Antonio Franco Gonzalez v. United States of America* | Page | 5 of 11 |

Under 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." That Section further provides that the Attorney General "may continue to detain the arrested alien or may release the alien on bond, except where the alien's detention is mandatory under Section 1226(c)." In *Matter of Joseph*, 22 I&N Dec. 799, 800 (BIA 1999), the Board of Immigration Appeals held that an alien is "properly included in a mandatory detention category "only when an Immigration Judge is convinced that the Service is substantially unlikely to establish, at the merits hearing, the charge or charges that subject the alien to mandatory detention."

*Joseph* thus accords substantial deference to DHS officers who initially determine that mandatory detention is appropriate. *Joseph* also endorses the concept, however, that detention becomes mandatory only after determination by an Immigration Judge that the Government is "substantially unlikely to establish" that Section 1226(c) applies. *Joseph*, 22 I&N Dec. at 805 ("the very purpose of the regulation . . . is to provide an alien, such as the respondent, with the opportunity to offer evidence and legal authority on the question whether the Service has properly included him within a category that is subject to mandatory detention."); *see also Demore v. Kim*, 538 U.S. 510, 514, 123 S. Ct. 1708, 1720, 155 L. Ed. 2d 724 (2003) ("In conceding that he was deportable, respondent forwent a hearing at which he would have been entitled to raise any nonfrivolous argument available to demonstrate that he was not properly included in a mandatory detention category."); *see also* 8 C.F.R. § 1003.19(h)(2)(ii) (allowing for redetermination of a mandatory detention finding by an Immigration Judge).

Here, Plaintiff was placed in immigration detention after pleading guilty to Cal. Penal Code § 245(a)(1), but he never attended a hearing before an Immigration Judge to determine whether his detention was mandatory under Section 1226(c). (Compl. ¶¶ 13, 14.) Thus, he had no opportunity to present evidence or argument that he was not properly included in the mandatory detention category and his detention never became "mandatory" under Section 1226(c).[4] *See Demore*, 538 U.S. at 514. The officer who initially determined that Plaintiff was subject to mandatory detention (if any such determination ever occurred) was thus not acting pursuant to a statutory mandate. *See Welch*, 409 F.3d at 652 (due care exception applies only where "the statute or regulation in question specifically proscribes [sic] a course of action for an

---

[4] To the extent that Plaintiff was required to request a *Joseph* hearing to challenge his detention, his detention ceased to be reasonable when it became prolonged without any bond hearing or other resolution of his proceedings. *See Demore*, 538 U.S. at 529; *Casas-Castrillon v. Dep't of Homeland Security*, 535 F.3d 942, 951 (9th Cir. 2008) (noting that mandatory detention is authorized only as long as removal proceedings are "expeditious").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV-12-01912 DMG (DTBx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | Jose Antonio Franco Gonzalez v. United States of America | Page | 6 of 11 |

officer to follow"). Instead, that officer must have exercised discretion in determining that Plaintiff's conviction was one described in Section 1226(c).[5]

Because Plaintiff's detention was not the result of a statutorily prescribed course of action, the Court finds that Plaintiff's claims are not barred by the due care exception.

### 2. The Intentional Tort Exception

Section 2680(h) of the FTCA provides that the Government is not liable for

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution.

The FTCA defines "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.*

The Ninth Circuit has held that judges and attorneys are not "investigative or law enforcement officers" within the meaning of Section 2680(h) when acting in their usual capacity. *See Cao v. United States*, 156 Fed. App'x 48, 50 (9th Cir. Nov. 29, 2005) (immigration judge and INS attorneys were not investigative or law enforcement officers absent a specific showing that they acted in non-adjudicatory role); *see also Arnsberg v. United States*, 757 F.2d 971, 978 n.5 (9th Cir. 1985) ("[W]hen acting adjudicatively . . . a judge or magistrate is not within the purview of § 2680(h)."). In *Sims v. United States*, No. CV 07-02082, 2008 WL 4813827 (E.D. Cal. Oct. 29, 2008), the court held that, while immigration officers who are empowered to make arrests and execute warrants are "law enforcement" under Section 2680(h), attorneys for the DHS are not so-authorized and therefore are not subject to intentional tort actions.

---

[5] This conclusion is consistent with the court's holding in *Welch*. There, mandatory detention was not imposed until after the plaintiff was deemed deportable for an offense covered in Section 1226(c). *Welch*, 409 F.3d at 649. The court acknowledged that "[o]nce Welch was deemed deportable, the INS officers had no discretion in their actions. The decision to detain him was statutorily required." The same cannot be said here, where Plaintiff never conceded that his conviction rendered him inadmissible under Section 1182(a)(2) and no Immigration Judge determined that mandatory detention was appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV-12-01912 DMG (DTBx)** | Date | March 11, 2013 |
| Title | *Jose Antonio Franco Gonzalez v. United States of America* | Page | 7 of 11 |

On its face, the Complaint appears to challenge only the actions of Immigration Judges and DHS attorneys. (Compl. ¶ 42 ("Defendant did not have the lawful privilege to detain Mr. Franco after the administrative closure of his removal proceedings."); ¶ 42 ("Defendant falsely and unreasonably imprisoned Mr. Franco by failing to re-calendar Mr. Franco's removal proceeding within a reasonable time.").) In his Opposition, Plaintiff asserts that detention involves "the actions of many federal actors," including Detention Officers and Deportation Officers, but the Complaint does not describe any conduct by such actors that would give rise to the claims alleged. Rather, Plaintiff's claims relate exclusively to the decisions to prolong immigration custody, to administratively close removal proceedings, and to continue removal hearings, all of which are reserved for Immigration Judges and DHS attorneys who are not "law enforcement officers" within the meaning of Section 2680(h). Plaintiff submits that Detention Officers participated in the prolonged detention because, as part of their job duties, they "prepare, present and defend deportation or exclusion proceedings and work "with both criminal and non-criminal aliens at various stages of their . . . proceedings." (Opp'n at 11 (citing ICE Career Descriptions, http://www.ice.gov/careers/occupations/).) Nevertheless, the Complaint contains no allegations to suggest that Detention Officers or other "law enforcement officers" actually contributed to the intentional torts he alleges.

The Complaint in its present form fails to withstand the intentional tort exception. Accordingly, the Complaint is **DISMISSED** on this basis.

### 3. The Statute of Limitations

Defendant next argues that Plaintiff's claims are untimely and barred by the FTCA's two-year statute of limitations. (Mot. at 13.) Although the Court has already determined that the Complaint must be dismissed because, on its face, it is barred by the intentional tort exception, the unique operation of the statute of limitations here merits discussion because it bears on whether leave to amend should be granted. Under 28 U.S.C. § 2401(b), a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues."

A cause of action normally accrues, triggering the applicable statute of limitations, "when the cause of action is complete with all of its elements." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Plaintiff argues that, under *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), his false imprisonment claim did not accrue until November 2, 2010, the date on which his habeas corpus petition was converted to a class action. *See Franco-Gonzalez, et al. v. Napolitano, et al.*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV-12-01912 DMG (DTBx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | Jose Antonio Franco Gonzalez v. United States of America | Page | 8 of 11 |

2:10-CV-02211 DMG (DTBx) [Doc. # 64].[6] A brief examination of *Heck* and its applicability to FTCA cases is thus appropriate.

In *Heck*, the petitioner, while in state custody, filed a suit for damages under 42 U.S.C. § 1983 alleging that his underlying arrest and conviction were unlawful. 512 U.S. at 478-79. Finding that the suit could not stand, the Court held,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87. The Court instructed district courts to first consider whether a favorable judgment under Section 1983 "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." *Id.* at 487. If so, the complaint must be dismissed unless "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." In contrast, claims that do not necessarily implicate the validity of an outstanding criminal judgment are not similarly barred. *Id.*

In *Erlin v. United States*, the Ninth Circuit held that the *Heck* doctrine also governs suits brought under the FTCA. 364 F.3d 1127, 1133 (9th Cir. 2004) ("We thus hold that a civil action under the [FTCA] for negligently calculating a prisoner's release date, or otherwise wrongfully imprisoning the prisoner, does not accrue until the prisoner has established, in a direct or collateral attack on his imprisonment, that he is entitled to release from custody."). The Court held that applying *Heck* in the FTCA context is "consistent with the general structure of the FTCA, which incorporates state-law torts while also adding restrictions of its own on how those torts are to apply in suits against the United States." *Id.* at 1132. Because the petitioner's FTCA suit challenging the negligent calculation of a release date may have conclusively required his release from prison, the need for restraint that underlies the *Heck* doctrine in Section 1983 suits also operates in suits under the FTCA. *Id.*

---

[6] As noted above, Plaintiff attempts to voluntarily dismiss his claims for abuse of process and intentional infliction of emotional distress in his Opposition, and therefore he does not address whether the statute of limitations has run on those claims. Because the Court finds that Plaintiff may not dismiss these claims in this manner, it addresses the timeliness of these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV-12-01912 DMG (DTBx)** | Date | March 11, 2013 |
|---|---|---|---|

| Title | *Jose Antonio Franco Gonzalez v. United States of America* | Page | 9 of 11 |
|---|---|---|---|

In *Erlin*, which was a suit for negligence, the Ninth Circuit stated, "we have no reason to decide here whether *Heck* would also delay the accrual of a false imprisonment claim under the FTCA. 364 F.3d at 1133. Several subsequent cases suggest, however, that the *Heck* rationale is also applicable to claims for false imprisonment. *See Feurtado v. Dunivant*, 244 F. App'x 81, 82 (9th Cir. 2007) (applying *Heck* "to the extent appellant [alleged] an FTCA cause of action for wrongful imprisonment" as long as appellant established that he was entitled to release from custody); *see also Morrow v. Fed. Bureau of Prisons*, 610 F.3d 1271, 1272 (11th Cir. 2010) (assuming *Heck*'s application to false imprisonment based on a miscalculation of prisoner's release date).

In *Heck*, the Court analogized the petitioner's Section 1983 claim to a tort action for malicious prosecution. 512 U.S. at 484. Defendant thus argues that *Heck* has no place in a suit for false imprisonment, relying on *Nhia Kao Vang v. Decker*, No. CV 12-01226, 2012 WL 5020491 at *9-*11 (E.D. Cal. Oct. 17, 2012). In *Vang*, the district court held that a false imprisonment claim accrued when the plaintiffs were arrested and charged based on allegedly false evidence. *Vang*, however, does not discuss the potential application of *Heck* to any of the plaintiffs' claims, including their claim for malicious prosecution, which the Supreme Court expressly discussed in *Heck*. *See id.* Accordingly, the Court is not persuaded that the absence of any discussion of *Heck*'s application in *Vang* counsels against its application here.

The same principles at play in *Heck* would appear to apply with equal force in the civil immigration context. Immigration detention is quasi-criminal in nature and, like criminal defendants, immigrant detainees may challenge the terms and conditions of their detention by way of the habeas corpus statute, 28 U.S.C. § 2254. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1080 (9th Cir. 2006) (granting writ of habeas corpus where the petitioner was detained for an unreasonable period, even after receiving grant of asylum). In *Cohen v. Longshore*, 621 F.3d 1311, 1315 (10th Cir. 2010), the Tenth Circuit assumed that *Heck* applied to a claim for false imprisonment based on the plaintiff's allegedly unlawful immigration detention. In *Cohen*, as here, the plaintiff "sought to invalidate his imprisonment through a [habeas corpus] petition but was prevented by his transfer out of [ICE] custody, which mooted his habeas claims." *Id.* Under those circumstances, the court concluded that the plaintiff's false imprisonment claim should not be barred by his failure to obtain habeas relief, which is usually required under *Heck*. *Id.* at 1317; *but see El Badrawi v. Dep't of Homeland Sec.*, 579 F. Supp. 2d 249, 273 n. 24 (D. Conn. 2008) (assuming, but noting "there is good reason to doubt," that *Heck* applies to FTCA claims in the immigration context). The same justification applies in the case at bar, because Plaintiff's false imprisonment claim is premised on his allegedly unlawful confinement in ICE custody. *Id.* at 1315.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV-12-01912 DMG (DTBx)** | Date | March 11, 2013 |
|---|---|---|---|
| Title | *Jose Antonio Franco Gonzalez v. United States of America* | Page | 10 of 11 |

### a. False Imprisonment

In California, false imprisonment consists of "the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time." *Hagberg v. California Fed. Bank FSB*, 32 Cal. 4th 39, 7 Cal. Rptr. 3d 803, 819 (2004). In a common law tort action based on detention without legal process, false imprisonment accrues when the victim is held pursuant to legal process and the period of alleged false imprisonment ends. *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 1096, 166 L. Ed. 2d 973 (2007).

Under *Heck*, the Court must first determine whether a successful false imprisonment action "would necessarily imply the invalidity of [the] conviction or sentence." *Heck*, 512 U.S. at 487. The Court finds that it would. The crux of Plaintiff's claim is that the detention continued without legal authority for at least part, if not most, of the nearly five years he spent in ICE custody. (Compl. ¶¶ 41-43.) Thus, a favorable ruling on that claim would render a significant portion of Plaintiff's detention unlawful. *See Cabrera v. City of Huntington Park*, 139 F.3d 374, 380 (9th Cir. 1998) (plaintiff's claim for false imprisonment did not accrue until his underlying conviction was invalidated because a favorable ruling would have necessarily implied the invalidity of that conviction).

Plaintiff asserts that his claim for false imprisonment accrued on November 2, 2010, the date on which he and several other individuals filed their "First Amended Class-Action Complaint for Declaratory and Injunctive Relief and Petition for Writ of Habeas Corpus." *See Franco-Gonzalez, et al. v. Napolitano, et al.*, No. 2:10-CV-02211 DMG (DTBx) [Doc. # 64]. The filing of an amended complaint, however, is not equivalent to the reversal on appeal of a conviction or sentence, expungement by executive order, invalidation by court order, or the issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486-87. In fact, the Court has issued no final ruling in the class action to conclusively establish that Plaintiff's detention was unlawful. Rather, the Court has merely held that Plaintiff's petition did not become moot upon his release from custody, and that certain class members "are likely" to succeed on their claims that their prolonged detention was unlawful. *See, e.g.*, *Franco-Gonzalez, et al. v. Napolitano, et al.*, Case No. CV 10-02211, 2011 WL 5966657 at *2-6 (C.D. Cal. Aug. 2, 2011); 828 F. Supp. 2d 1133, 1139-49 (C.D. Cal. 2011); 767 F. Supp. 2d 1034, 1037-38, 1051 (C.D. Cal. 2010). Allowing Plaintiff to proceed with his claim for false imprisonment now would in essence permit a collateral attack on the detention through tort, a result which *Heck* sought to prevent. *See Heck*, 512 U.S. at 485 (favorable termination requirement is consistent with "a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV-12-01912 DMG (DTBx)** | Date | March 11, 2013 |
| Title | *Jose Antonio Franco Gonzalez v. United States of America* | Page | 11 of 11 |

Contrary to the assertions of both parties, Plaintiff's claim for false imprisonment is not barred by the statute of limitations. 28 U.S.C. § 2401(b). It has not yet accrued. *See Erlin*, 364 F.3d at 1133. Accordingly, Plaintiff's claim for false imprisonment is **DISMISSED** without prejudice to the re-filing of an action after the claim accrues, i.e., upon a final judgment in the *Franco-Gonzalez* class action. *See Cabrera*, 159 F.3d at 380 n.8 (citing *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995)).

### b. Abuse of Process and Intentional Infliction of Emotional Distress

Unlike the tort of false imprisonment, neither abuse of process nor intentional infliction of emotional distress requires as an element a finding that would, by itself, invalidate Plaintiff's detention in ICE custody. *See Hughes v. Pair*, 46 Cal. 4th 1035, 1050, 95 Cal. Rptr. 3d 636 (2009) (action for intentional infliction of emotional distress requires "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress"); *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057, 39 Cal. Rptr. 3d 516 (2006) (action for abuse of process requires that the defendant "(1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings"). Accordingly, both causes of action accrued when all of their elements were complete. *See Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The Court need not determine exactly when these claims accrued because, in any event, they accrued long before November 2, 2010. Accordingly, Plaintiff's claims for abuse of process and intentional infliction of emotional distress are barred by the statute of limitations. 28 U.S.C. § 2401(b).

### IV.
### CONCLUSION

In light of the foregoing, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's claim for false imprisonment is dismissed without prejudice to the filing of a new complaint when that claim accrues. Plaintiff's remaining claims are dismissed with prejudice.

**IT IS SO ORDERED.**